IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VOYAGER INDEMNITY INSURANCE COMPANY, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| | ) | District Judge: |
| v. | ) ) | Magistrate Judge: |
| ALL AMERICA INSURANCE COMPANY; NAUTILUS INSURANCE COMPANY; CUMBERLAND REAL ESTATE SERVICES INC., | ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT**

Plaintiff Voyager Indemnity Insurance Company ("Voyager"), by and through the undersigned attorneys, for its Complaint ("Complaint") states the following:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief brought pursuant to 28 U.S.C. §2201, filed for the purpose of determining an actual and present controversy between the parties. The Court has jurisdiction to grant declaratory relief. In addition, Voyager seeks equitable contribution for defense costs it has incurred on behalf of Voyager and All America Insurance Company's ("AAIC") mutual insured, Cumberland Real Estate Services, Inc. ("Cumberland"), in an underlying wrongful death arbitration pending in Alabama.

2. Plaintiff now seeks the following determinations:

   a. That the primary and excess policies issued by AAIC to Cumberland apply to and provide coverage for the claim asserted against Cumberland in the underlying wrongful death arbitration;

      b. That the primary policy issued to Cumberland by AAIC is co-primary with the applicable policy issued by Voyager; and

      c. That Voyager is entitled to equitable contribution from AAIC for costs incurred in the defense of Cumberland in the underlying wrongful death action.

## JURISDICTION, VENUE, AND STANDING

3. Plaintiff Voyager is a Georgia corporation with its principal place of business in Atlanta, Georgia.

4. Upon information and belief, Defendant AAIC is an Ohio corporation with its principal place of business in Van Wert, Ohio.

5. Upon information and belief, Defendant Nautilus Insurance Company ("Nautilus") is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

6. Upon information and belief, Defendant Cumberland is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

7. This is, in part, a declaratory relief proceeding brought under 28 U.S.C. § 2201, in that there are actual controversies within the Court's jurisdiction, for which Voyager seeks a declaration by the Court of the parties' rights and other legal obligations.

8. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(3), in that there is diversity of citizenship between Voyager, on the one hand, and AAIC, on the other, and the matter in controversy, about which Voyager seeks declaratory relief, exceeds $75,000.

9. Defendants Nautilus and Cumberland are necessary parties pursuant to Fed. R. Civ. P. 19(1)(A)(B).

10. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims at issue occurred within this judicial district.

## THE POLICIES

### A. The Voyager Policy

11. Voyager issued general liability policy no. AMW 0013244 to Edgewood Group Limited, a Tennessee Limited Partnership ("Edgewood"), effective August 1, 2018 to August 1, 2019 (the "Voyager Policy").

12. The Voyager Policy provides general liability coverage subject to a $1,000,000 per occurrence limit and $2,000,000 general aggregate limit.

13. The Voyager Policy provides, in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will

3

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

…

### SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

4

…

**2.** Each of the following is also an insured:

…

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily

5

        occupied by you with permission of the owner; or

  **(iv)**  If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

…

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

14.    Cumberland is not named as an "additional insured" under the Voyager Policy.

15.    Instead, Cumberland qualifies as an "insured" by definition under Section II of the Voyager Policy.

**B. The AAIC Primary Policy**

16.    Upon information and belief, AAIC issued general liability policy no. CLP 9945108 10, effective February 15, 2019 to February 15, 2020, to Cumberland and several other named insureds (the "AAIC Primary Policy").

17. Upon information and belief, the AAIC Primary Policy provides general liability coverage subject to a $2,000,000 per occurrence limit and $4,000,000 general aggregate limit.

18. Upon information and belief, the AAIC Primary Policy provides, in pertinent part:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of

7

judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

   **(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

   **(ii)** That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

   **(iii)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

      **(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

  **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

…

**c. Method Of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

19. Upon information and belief, the AAIC Primary Policy is valid, in force, and has not been voided, rescinded, or cancelled.

**C. The AAIC Excess Policy**

20. Upon information and belief, AAIC issued excess general liability policy no. CXS 9945109 10, effective February 15, 2019 to February 15, 2020, to Cumberland and several other named insureds (the "AAIC Excess Policy").

21. Upon information and belief, the AAIC Excess Policy provides general liability coverage subject to a $1,000,000 per occurrence limit and $1,000,000 general aggregate limit.

22. Upon information and belief, the AAIC Excess Policy is valid, in force, and has not been voided, rescinded, or cancelled.

9

**D. The Nautilus Policy**

23. Upon information and belief, Nautilus issued excess general liability policy no. AN055350, effective August 1, 2018 to August 1, 2019, to named insured Edgewood (the "Nautilus Policy").

24. Upon information and belief, the Nautilus Policy follows form to the Voyager Policy.

25. Upon information and belief, Nautilus contends that the Nautilus Policy is excess over the AAIC Primary Policy and the AAIC Excess Policy (collectively, the "AAIC Policies") with respect to coverage for Cumberland.

## THE UNDERLYING ARBITRATION

26. Upon information and belief, Edgewood and Cumberland are currently defendants in an arbitration brought by the Estate of Maurice Jackson (the "Arbitration").

27. Upon information and belief, in the Arbitration, the Estate of Maurice Jackson asserts a wrongful death claim against Edgewood and Cumberland arising out of a fire which allegedly resulted in the death of Mr. Jackson on June 13, 2019 (the "Fire").

28. The Fire occurred in an apartment building owned by Edgewood and managed by Cumberland (the "Building").

29. The Building is located in Mobile, Alabama.

30. Upon information and belief, the Fire occurred during the respective policy periods of the Voyager Policy, the AAIC Policies, and the Nautilus Policy.

31. Voyager has retained counsel to defend Cumberland in the Arbitration.

32. Upon information and belief, AAIC owes a duty to defend Cumberland in the Arbitration.

33. Upon information and belief, AAIC disputes that it owes a duty to defend Cumberland in the Arbitration.

34. Upon information and belief, as of the date of this filing, AAIC has not retained counsel to defend Cumberland in the Arbitration.

35. Upon information and belief, despite repeated demands by Voyager and Cumberland, AAIC refuses to participate in or contribute to the defense being provided to Cumberland in the Arbitration by Voyager.

36. Upon information and belief, AAIC contends that it is entitled to void or rescind the AAIC Policies because of alleged misrepresentations in Cumberland's application for those policies (the "Application").

37. Upon information and belief, AAIC is not entitled to void or rescind the AAIC Policies because, upon information and belief:

   a. The Application does not contain any misrepresentations;

   b. The Application was prepared by Kendra Smart of the Crichton Group, an agent of AAIC with actual or apparent authority to act on behalf of AAIC;

   c. Ms. Smart prepared the Application without consulting Cumberland about the information she included therein;

   d. Ms. Smart directed Cumberland's agent to sign the Application without asking her to verify the information contained therein;

   e. Cumberland's agent reasonably relied on Ms. Smart to complete the Application accurately, as Ms. Smart did not ask for any information from Cumberland, and AAIC is therefore estopped from voiding the policy based on any allegedly incorrect information contained in the Application;

11

    f.   AAIC's agent agreed to issue the AAIC Policies prior to the Application being completed or signed, such that AAIC did not rely on any information contained in the Application in deciding to issue the AAIC Policies or setting the premia therefor;

    g.   Nothing contained the Application could have possibly increased or materially impacted the risk that AAIC agreed to accept, as AAIC promised to issue the AAIC Policies and set the premia therefor prior to being presented with the signed Application; and

    h.   Other reasons to be identified through discovery.

38. Upon information and belief, AAIC has not sought a judicial determination as to whether it may void or rescind the AAIC Policies.

39. Upon information and belief, AAIC is in breach of its duty to defend Cumberland in the Arbitration.

40. Upon information and belief, AAIC will not participate in the defense of Cumberland in the Arbitration unless and until a judicial determination is made regarding AAIC's rights and responsibilities.

**COUNT I**
**DECLARATORY RELIEF – AAIC IS NOT ENTITLED TO VOID OR RESCIND THE AAIC POLICIES**

41. Voyager repeats and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint.

42. An actual controversy exists between Voyager and AAIC as to AAIC's rights and responsibilities under the AAIC Policies and applicable state law, in that, on the one hand, AAIC contends that it is entitled to void and/or rescind the AAIC Policies because of alleged misrepresentations in the Application and, on the other hand, Voyager (and, upon information

12

and belief, Nautilus and Cumberland) contend that AAIC is not entitled to void and/or rescind the AAIC policies for the reasons described in paragraphs 37a.-h. of this Complaint.

43. Voyager desires a judicial determination as to whether AAIC is entitled to void and/or rescind the AAIC Policies.

44. Voyager seeks a declaration that AAIC is not entitled to void and/or rescind the AAIC Policies for any or all of the reasons described in paragraphs 37a.-h. of this Complaint.

45. A judicial determination is necessary and appropriate at this time under the circumstances so that Voyager may ascertain whether AAIC is entitled to void and/or rescind the AAIC Policies. Voyage requires a judicial determination on this point because AAIC refuses to participate in the defense of Cumberland in the Arbitration because of its belief that it is entitled to void and/or rescind the AAIC Policies. AAIC's refusal to participate in the defense of Cumberland directly and presently impacts Voyager, as Voyager alone is providing a defense to Cumberland in the Arbitration despite the fact that AAIC has a duty to share in the cost of defending Cumberland.

**COUNT II**
**DECLARATORY RELIEF – THE AAIC PRIMARY POLICY IS CO-PRIMARY WITH THE VOYAGER POLICY**

46. Voyager repeats and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint.

47. An actual controversy exists between Voyager and AAIC as to their respective rights and responsibilities under the Voyager Policy and the AAIC Primary Policy, in that, on the one hand, AAIC contends that the AAIC Primary Policy is excess of the Voyager Policy with respect to coverage for Cumberland for the claims asserted in the Arbitration such that AAIC does not owe a duty to defend Cumberland in the Arbitration and, on the other hand, Voyager contends that the Voyager Policy and the AAIC Primary Policy are co-primary with respect to

13

coverage for Cumberland for the claims asserted in the Arbitration such that AAIC does owe a duty to defend Cumberland in the Arbitration.

48. Voyager desires a judicial determination of the priority of coverage as between the Voyager Policy and the AAIC Primary Policy with respect to coverage for Cumberland for the claims asserted in the Arbitration.

49. Voyager seeks a declaration that the AAIC Primary Policy is co-primary with the Voyager Policy, such that AAIC owes a duty to defend Cumberland in the Arbitration.

50. A judicial determination is necessary and appropriate at this time under the circumstances so that Voyager may ascertain its rights and AAIC's responsibilities as aforementioned.

## COUNT III
## EQUITABLE CONTRIBUTION

51. Voyager repeats and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint.

52. Voyager seeks equitable contribution from AAIC for defense costs expended by Voyager in the defense of Voyager and Cumberland's mutual insured, AAIC, in the Arbitration. AAIC has an obligation to pay a share of the defense costs incurred by Voyager on behalf of Cumberland as a co-primary insurer, subject to the "Method of Sharing" described in the Voyager Policy and the AAIC Primary Policy.

53. Based on the foregoing, Voyager is entitled to a judgment in the amounts it has paid in excess of its fair share of the defense costs for Cumberland, plus interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Voyager prays for judgment against AAIC as follows:

1. For a declaration that AAIC is not entitled to void the AAIC Policies;

2. For a declaration that the AAIC Primary Policy is co-primary with the Voyager Policy, such that AAIC owes a duty to defend Cumberland in the Arbitration;

3. For damages for AAIC's failure and refusal to participate in the defense of Cumberland in the Arbitration;

4. For prejudment interest on all damages awarded;

5. For costs of suit herein, including reasonable attorney's fees; and

6. For such other relief as the Court deems just and proper.

DATED:  February 12, 2021

    Respectfully submitted,

    */s/ Tyler Tarney*
    Tyler Tarney        (0089082)
    Carrie Thiem        (0093657)
    **GORDON REES SCULLY MANSUKHANI LLP**
    41 South High Street, Suite 2495
    Columbus, Ohio 43215
    T: (614) 340 -5558/F: (614) 360-2130
    ttarney@grsm.com
    vzdraveva@grsm.com

    *Counsel for Plaintiff*

    */s/ Christina M. Roberto*
    Christina M. Roberto  (CA SBA No. 317139)
    **TITTMANN WEIX LLP**
    Two California Plaza
    350 South Grand Avenue, Suite 1630
    Los Angeles, CA 90071
    croberto@tittmannweix.com

    *Pro Hac Vice Forthcoming*